IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
(ATLANTA DIVISION)

| | | |
|---|---|---|
| MOHAMMED AHMED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC; | ) | _____ |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC; | ) | |
| TRANSUNION LLC; AND | ) | |
| SYNDICATED OFFICE SYSTEMS, | ) | |
| LLC d/b/a CENTRAL FINANCE | ) | |
| CONTROL, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW the plaintiff, Mohammed Ahmed, by and through his undersigned counsel, and with knowledge as to his own acts, upon information and belief and investigation of counsel as to the acts of others, believing such allegations have evidentiary support after a reasonable opportunity for further investigation or discovery alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for an actual, statutory and punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. §1681, *et seq*. (Fair Credit Reporting

Act).   Credit is the lifeblood of the modern American economy, and for the American consumer access to credit has become inextricably tied to consumer credit scores as reported by credit reporting agencies.   *Burke v. Experian* (E.D. Va. March 18, 2011). Congress made the following findings when it enacted the FCRA:

> **(1)** The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

> **(2)** An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

> **(3)** Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

> **(4)** There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

15 U.S.C. 1681(a)(1-4).  Thus, one of the fundamental purposes of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter."  15 U.S.C. § 1681(b).

Accordingly, "[t]he FCRA evinces Congress's intent that consumer reporting agencies, having the opportunity to reap profits through the collection and dissemination of credit information, bear 'grave responsibilities.'"  Cushman v. Trans Union, 115 F.3d 220, 225 (3d Cir. 1997).

2. "Mixed files" create a false description of a consumer's credit history.

3. A "mixed file" occurs when information that relates to Consumer B appears in Consumer A's credit file.

4. More recently, the New York Attorney General defined a mixed file as credit file information that is mixed with that of another consumer.[1]

5. Mixed files are not a new phenomenon. The consumer reporting agencies have been on notice of the existence of mixed files for at least thirty (30) years. See Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509 (5th Cir. 1982).

6. Mixed files occur despite consumers' unique personal identifying information, such as Social Security numbers and date of birth.

---

[1] See http://www.ag.ny.gov/press-release/ag-schneiderman-announces-groundbreaking-consumer-protection-settlement-three-national Last visited April 22, 2015.

7.     Further, mixed files result in the disclosure of a consumers' most personal identifying and financial information absent the consumer's knowledge or consent, or both.

8.     Mixed files also result in the debt collection harassment of innocent consumers because debt collectors use CRA databases to "skip trace" debtors and locate the alleged debtor's address and telephone number.

9.     In the 1990's the Federal Trade Commission ("FTC") filed a lawsuit against Equifax, Trans Union and Experian's predecessor TRW because of their failure to comply with the FCRA including the mixing of consumers' files.

10.     In the 1990's the Attorneys General of a number of states filed a lawsuit against Equifax, Trans Union and Experian's predecessor TRW because of their failure to comply with the FCRA including the mixing of consumers' files.

11.     In 1991, TRW signed a Consent Order with the FTC.  To prevent the occurrence or reoccurrence of a mixed file, TRW agreed to use, for matching and identification purposes, a consumer's full identifying information, defined as full first and last name, full street address, zip code, year of birth, any generational designation and social security number.

12.     In 1992, Trans Union signed a Consent Order with the Attorneys General of 17 states.  Trans Union agreed that it would maintain reasonable

procedures to prevent the occurrence or reoccurrence of mixed files.  For

example, procedures during the reinvestigation process include, assigning mixed

file cases to Senior Investigators who, as appropriate, must pull all files related to

the consumer, fully verify disputed information, make any changes, deletions or

additions to correct the file and resolve the dispute, and prepare a summary of

the problem to be filed with another department for corrective action.

13.     In 1992, Equifax signed an Agreement of Assurances with the

Attorneys General of 18 states.  Equifax agreed it would maintain reasonable

procedures to prevent mixed files by accepting and using a consumer's full

identifying information (full first and last name, middle initial, full street address,

zip code, year of birth, any generational designation, and social security number)

for matching and identification purposes.

14.     In 1994, Equifax signed a Consent Order with the FTC.  Equifax

agreed it would follow reasonable procedures to assure the maximum possible

accuracy of the information on a consumer's file including, but not limited to,

procedures to detect logical errors prior to reporting information on a consumer's

file, procedures to prevent mixing as a result of data entry by third parties when

the third party requests a consumer's report, and procedures during a

reinvestigation specifically designed to resolve consumer disputes related to a mixed file.

15.     The consumer reporting agency defendants in this case are aware of Federal Trade Commission and state attorney general enforcement actions[2] concerning or related to mixed files.

16.     In 2002, the jury in *Judy Thomas v. Trans Union LLC,* District of Oregon, Case No. 00-1150-JE, found Trans Union had willfully violated the FCRA by mixing Judy Thomas with another consumer and failing to unmix them despite Ms. Thomas' disputes.   The jury awarded Ms. Thomas $5 million in punitive damages and $300,000 in actual damages.   Despite the verdict, Trans Union continues to mix consumers.

17.     In 2007, the jury in *Angela Williams v. Equifax Information Services, LLC,* Circuit Court for Orange County Florida, Case No. 48-2003-CA-9035-0, awarded Angela Williams $2.7 million in punitive damages and $219,000 in actual damages for willfully violating the FCRA by mixing Angela Williams with another consumer and failing to unmix them despite Ms. Williams' disputes.   Despite the verdict, Equifax continues to mix consumers.

---

[2] Including the most recent government enforcement action settled May 20, 2015.  See http://www.ohioattorneygeneral.gov/Files/Briefing-Room/News-Releases/Consumer-Protection/2015-05-20-CRAs-AVC.aspx Last visited May 29, 2015.

18.     In 2013, the jury in *Julie Miller v. Equifax Information Services, LLC*, D. Oregon, Case No. 3:11-cv-01231-BR, awarded Julie Miller $18.4 million in punitive damages and $180,000 in actual damages for willfully violating the FCRA by mixing Julie Miller with another consumer and failing to unmix them despite Ms. Millers' disputes.  Despite the verdict, Equifax continues to mix consumers.

19.     Over the last ten years, Experian has been sued hundreds of times by consumers whose files were mixed with a different consumer by Experian.

20.     Despite federal law, Congressional mandates, federal and state government enforcement actions, and hundreds of consumer lawsuits, mixed files remain a significant problem for consumers, including Plaintiff.

21.     The sale of consumers' most private and sensitive personal and financial information is a multi-billion dollar industry for the CRAs.

22.     Experian's parent corporation, Experian plc, reported $4.81 billion in revenue in their annual report for the year ending March 31, 2015.

23.     Experian boasts in its March 31, 2015 report that it produces 3.8 million reports in a typical day.

24.     Equifax reported more than $2.4364 billion in operating revenue in their annual report for the year ending December 31, 2014.

25.     In its latest form 10-K provided to the U.S. Securities and Exchange Commission, Trans Union reported over $1.3047 billion in revenue for the calendar year ending on December 31, 2014.

26.     Likewise, the FCRA imposes duties on persons who furnish information to CRAs ("furnishers").  *See* 15 U.S.C. §§ 1681s-2(a), (2), (4), (5). Specifically, furnishers must satisfy five duties after receipt of notice of a consumer dispute from a CRA.  15 U.S.C. § 1681s-2(b)(1)(A-E).

## JURISDICTION & VENUE

27.     This Court has jurisdiction pursuant to 15 U.S.C. §1681p.

28.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

13.     Plaintiff Mohammed Ahmed ("Plaintiff") is an adult individual resident of this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

14.     Defendant Equifax Information Services, LLC ("Equifax") is a Georgia corporation with its principal place of business in the state of Georgia. Equifax does business in this judicial district.  Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).  Equifax regularly engages in the business of assembling, evaluating, and disbursing information

concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties.  Equifax disburses such consumer reports to third parties of contract for monetary compensation.

15.     Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in the state of California. Experian does business in this judicial district. Experian is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).  Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. §1681a(f) to third parties.  Experian disburses such consumer reports to third parties of contract for monetary compensation.

16.     Defendant TransUnion LLC ("Trans Union") is a Delaware corporation with its principal place of business in the state of Illinois.  Trans Union does business in this judicial district. Trans Union is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).  Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties.  Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

Equifax, Experian and Trans Union are referred to collectively as "Defendants" throughout the complaint.

17. Equifax, Experian and Trans Union are referred to throughout as the "CRA Defendants."

18. Defendant Syndicated Office Systems, LLC d/b/a Central Finance Control ("Syndicated"), is a person who furnishes information to consumer reporting agencies under FCRA, 15 U.S.C. § 1681s-2[3], and conducts substantial and regular business activities in this judicial district.

## FACTUAL ALLEGATIONS

19. Equifax prepared and issued credit reports concerning Plaintiff that include inaccurate information. Plaintiff notified Equifax that he disputed the accuracy of the information. Equifax continued to report inaccurate information. Equifax provided third parties plaintiff's credit report when a request was made for another person's consumer report.

20. Experian prepared and issued credit reports concerning Plaintiff that include inaccurate information. Plaintiff notified Experian that he disputed the accuracy of the information. Experian continued to report inaccurate information.

---

[3] Plaintiff is making a claim against Syndicated under §1681s-2(b). Plaintiff is not making a claim against Syndicated under §1681s-2(a).

Experian provided third parties plaintiff's credit report when a request was made for another person's consumer report.

21.   Trans Union prepared and issued credit reports concerning Plaintiff that include inaccurate information.  Plaintiff notified Trans Union that he disputed the accuracy of the tradeline CENTRAL FINANCE CONTROL #148586****. Trans Union continued to report the tradeline CENTRAL FINANCE CONTROL #148586****. Trans Union provided third parties plaintiff's credit report when a request was made for another person's consumer report.

22.   Plaintiff notified Equifax and Trans Union that their reporting of the Syndicated account was inaccurate.

23.   Plaintiff notified Equifax and Trans Union that the Syndicated account was not his.

24.   Equifax and Trans Union notified Syndicated of Plaintiff's disputes.

25.   Syndicated notified Equifax and Trans Union that it verified the account.

26.   Syndicated did not conduct an investigation with respect to the disputed information.

27.   Syndicated did not contact Plaintiff concerning the accuracy of the account.

28.     Syndicated did not contact third parties concerning the accuracy of the account, including Tenet Healthcare.

29.     Syndicated did not review underlying account documents, such as the application for credit.

30.     Syndicated did not conduct any handwriting analysis on Plaintiff's signature or signature on the account application(s).

31.     Syndicated did not make a reasonable inquiry into the disputed information.

32.     Syndicated did not review all relevant information provided by the applicable CRA Defendants pertaining to the Syndicated account.

33.     At best, Syndicated verified the false information by confirming Plaintiff's personal identifying information with the personal identifying information reported by the applicable CRA Defendants. This is not a reasonable investigation.

34.     Syndicated failed to modify or delete the false account information.

35.     As a result of defendants' failure to comply with the requirements of the FCRA, Plaintiff suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, reduction in credit score, invasion of privacy, emotional distress and

interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

## COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (against Equifax)

### (Negligent Noncompliance with FCRA)

36.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

37.     Equifax negligently failed to comply with the requirements of the FCRA.

38.     As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

39.     Plaintiff requests fees pursuant to 15 U.S.C. §1681o(a).

## COUNT TWO – VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Against Equifax)

### (Willful Noncompliance with FCRA)

40.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

41.     Equifax willfully failed to comply with the requirements of the FCRA.

42.     As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

43.     Plaintiff requests attorney fees pursuant to 15 U.S.C. §1681n(a).

## COUNT THREE – VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Against Experian)

### (Negligent Noncompliance with the FCRA)

44.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

45.     Experian negligently failed to comply with the requirements of the FCRA.

46.    As a result of Experian's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

47.    Plaintiff requests fees pursuant to 15 U.S.C. §1681o(a).

## COUNT FOUR – VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Against Experian)

### (Willful Noncompliance with the FCRA)

48.    Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

49.    Experian willfully failed to comply with the requirements of the FCRA.

50.    As a result of Experian's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be

determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

51.    Plaintiff requests attorney fees pursuant to 15 U.S.C. §1681n(a).

## COUNT FIVE – VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Against Trans Union)

### (Negligent Noncompliance with the FCRA)

52.    Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

53.    Trans Union negligently failed to comply with the requirements of the FCRA.

54.    As a result of Trans Union's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

55.    Plaintiff requests fees pursuant to 15 U.S.C. §1681o(a).

## COUNT SIX – VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Against Trans Union)

### (Willful Noncompliance with the FCRA)

56.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

57.     Trans Union willfully failed to comply with the requirements of the FCRA.

58.     As a result of Trans Union's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

59.     Plaintiff requests attorney fees pursuant to 15 U.S.C. §1681n(a).

60.     Plaintiff requests a jury trial on all claims.

## COUNT SEVEN – VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Against SYNDICATED)

### (Negligent Noncompliance with the FCRA)

61. Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

62.     Syndicated negligently failed to comply with the requirements of the FCRA, pursuant to 15 U.S.C. § 1681s-2(b).

17

63.     As a result of Syndicated's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

64.     Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

## COUNT EIGHT – VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Against SYNDICATED)

### (Willful Noncompliance with the FCRA)

65.     Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

66.     Syndicated wilfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

67.     As a result of Syndicated's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be

determined by the jury.  Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

68.     Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

69.     Plaintiff requests a jury trial on all matters set forth herein.

PRAYER

Wherefore, Plaintiff prays for judgment against Defendants as follows:

On the First Claim for Relief:

1.  Actual damages to be determined by the jury; and

2.  Attorneys' fees and costs.

On the Second Claim for Relief:

1.  Actual damages to be determined by the jury;

2.  Punitive damages to be determined by the jury;

3.  Statutory damages to be determined by the jury; and

4.  Attorneys' fees and costs.

On the Third Claim for Relief:

1.  Actual damages to be determined by the jury; and

2.  Attorneys' fees and costs.

On the Fourth Claim for Relief:

1.  Actual damages to be determined by the jury;

2.  Punitive damages to be determined by the jury;

    3.  Statutory damages to be determined by the jury; and

    4.  Attorneys' fees and costs.

On the Fifth Claim for Relief:

    1.  Actual damages to be determined by the jury; and

    2.  Attorneys' fees and costs.

On the Sixth Claim for Relief:

    1.  Actual damages to be determined by the jury;

    2.  Punitive damages to be determined by the jury;

    3.  Statutory damages to be determined by the jury; and

    4.  Attorneys' fees and costs.

On the Seventh Claim for Relief:

    1.  Actual damages to be determined by the jury; and

    2.  Attorneys' fees and costs.

On the Eighth Claim for Relief:

    1.  Actual damages to be determined by the jury;

    2.  Punitive damages to be determined by the jury;

    3.  Statutory damages to be determined by the jury; and

    4.  Attorneys' fees and costs.

Dated: _____

Respectfully submitted,

SKAAR & FEAGLE, LLP

/s/ James M. Feagle
James M. Feagle
SKAAR & FEAGLE, LLP
Georgia Bar No. 256916
2374 Main Street, Suite B
Tucker, GA 30084
Telephone:   404.373.1970
Facsimile:   404.601.1855
Email:          jfeagle@skaarandfeagle.com

Justin T. Holcombe
Georgia Bar No. 552100
Kris Skaar
Georgia Bar No. 649610
133 Mirramont Lake Drive
Woodstock, GA 30189
Telephone:   770.414.4861
Facsimile:   404.601.1855
Email:          jholcombe@skaarandfeagle.com
                    kskaar@skaarandfeagle.com


/s/ Micah S. Adkins
Micah S. Adkins (motion for *pro hac vice* forthcoming)
THE ADKINS FIRM, P.C.
301 19th Street North, Suite 581
The Kress Building
Birmingham, Alabama 35203
Telephone:   205.458.1204
Facsimile:   205.208.9632
Email:          MicahAdkins@ItsYourCreditReport.com

<u>CERTIFICATE OF COMPLIANCE</u>

The undersigned certifies, pursuant to LR 5.1 C, that this document has been prepared in Times New Roman, 14 point, as approved by the Court.

<u>/s/ Micah S. Adkins</u>
Micah S. Adkins